242

## State of Vermont v. Donald Butler

[336 A.2d 185]

No. 39-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Francis X. Murray,* State's Attorney, and *William H. Sorrell,* Deputy State's Attorney, Burlington, for Plaintiff.

*Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendant.

Smith, J. The primary question presented in this appeal is the claimed error of the trial court in admitting a tape recording into evidence. The defendant was found guilty by a jury in the District Court of Vermont, Unit No. 2, Chittenden Circuit, on December 12, 1972, of operating a motor vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201. Judgment was rendered on December 29, 1972, and

defendant duly entered his appeal in this Court from that judgment.

The tape recording involved here was one recorded by the investigating trooper of a conversation between the trooper and the defendant transcribed at the time the defendant was stopped by the officer. The recording was admitted into evidence by the trial court, over the objection of the defendant, and the jury was allowed to take the tape into the deliberation room, to be played at its pleasure, in its consideration of the evidence in the case.

The tape was offered by the State on the ground that it was supportive evidence of the trooper's testimony about the condition of the defendant at the time he was stopped on the highway, as well as to show the demeanor of the defendant, with specific reference to the manner in which the defendant uttered certain "tongue twisters" he was asked to repeat by the officer.

The defendant objected to the admission of the tape on the ground that a proper foundation for its admission had not been made, and that by the very nature of the tape recording it was impossible to object to inadmissible and prejudicial matters contained in the recording. The lower court, in admitting the tape, stated that instructions would be given to the jury relative to any obscenity or vulgar language that was recorded thereon. Such instructions were not given in the charge to the jury.

The tape, received into evidence, started off with the recorded comments of the state trooper on his observation of the operation of the car driven by the defendant, which was on the road ahead of him. It is hardly necessary to add that such comments were made before the trooper had stopped the defendant, or indeed was aware of his identity, and without the knowledge of the defendant.

The tape, after the defendant was stopped, included a lengthy conversation between the trooper and the defendant on various matters. Among these were the trooper's opinion on the reliability of the various tests provided by law for ascertaining the amount of alcohol which a defendant might have consumed, the initial refusal of the defendant to take a test and his later consent, the defendant's acute concern over a possible job loss and hardship if found to have been guilty of driving

while under the influence of alcohol, and the length of time that it took to warm up the testing apparatus. Some of the expressions used by the defendant, during this lengthy conversation with the trooper, contained vulgar language.

As in *State* v. *Davis,* 132 Vt. 290, 318 A.2d 664 (1974), the tape was not offered for the verbal content, but to indicate the slurred manner of speaking by the defendant at the time he was stopped on the roadway. But while in the *Davis* case the remainder of the tape, which dealt with questions and responses to the taking or refusal of chemical tests, was excluded, the entire tape, including such conversation, was admitted in the instant case.

■ No question is raised here but that a tape recorder which catches the actual voice of an accused and his questioner may be an invaluable aid to a court and jury. But,

> [i]n all situations, however, the trial judge should listen to the recording out of the presence of the jury before allowing it to be used. In this way he can decide whether it is sufficiently audible, intelligible, not obviously fragmented, and, also of considerable importance, whether it contains any improper and prejudicial matter which ought to be deleted.

*State* v. *Driver,* 38 N.J. 255, 183 A.2d 655, 672 (1962).
There is nothing on the record before us to indicate that the trial judge made such an evaluation of the tape recording, outside the presence of the jury, in the trial below.

In *State* v. *Davis, supra,* 132 Vt. at 293, then Justice Barney, speaking for the Court, held that voice recordings offered to evidence the slurred speech of a defendant, where the jury's use thereof was limited by the instructions of the trial court only to determining the defendant's condition at the time he was interviewed, were admissible. "[T]he voice recording was not, in fact, offered as evidence of statements of the accused. Rather, it was more like evidence of physical condition, just as a handwriting example is offered as identifying the writer, and not for the message conveyed by the writer." *Id.* Justice Barney also warned "that otherwise admissible evidence may become inadmissible where its probative value is overwhelmed by its probable improper prejudicial effect." *Id.*

In the instant case the trial court failed to evaluate the tape recording and to edit it so as to eliminate any prejudicial evidence contained thereon before submitting it to the jury. Stated another way, the court did not distinguish between words that were said, and how they were said. The tape contained evidence given by the trooper which was not subject to cross-examination. The court allowed this unedited tape to be used by the jury in its deliberations, with a complete absence of instructions as to the use that might be made of it.

The State complains that no objections were made by the defendant to the lower court's decision to allow the jury to take the entire tape into the jury room. But prejudicial error was committed when the lower court admitted the entire tape into evidence over the objections of the defendant, and the lack of an objection to allowing the jury to rehear what it had already improperly heard does not prevent reversal. Since prejudicial error in the admission of the tape prevented the defendant from receiving a fair trial and the cause must be reversed and remanded for a new trial, we need not consider other claims of error raised by the defendant.

*Reversed and remanded.*